NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------------- X

AGUSTIN HERRERA,

                        Petitioner,

- against -

CHARLES HYNES, District Attorney of
County of Kings; ANDREW C. CUOMO,
Attorney General for the State of New York,

                        Respondents.

----------------------------------------------------------------- X

**MEMORANDUM DECISION AND ORDER**

CV-08-1651 (BMC)(VVP)

**COGAN**, District Judge.

    This is a petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. Petitioner, who pled guilty to drug charges in state court and was subsequently deported to the Dominican Republic, contends that he received ineffective assistance of counsel because his legal aid attorney, in advising him on whether to take the plea, misrepresented the deportation consequences of his guilty plea. In essence, petitioner contends that his attorney told him he might be deported, as did the trial judge who took his guilty plea, and that he had good defenses to deportation, instead of telling him that he would definitely be deported and that there were no defenses.

    The petition is denied for the reasons set forth below.

### I

    The petition is time-barred. The Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2244(d), requires that a petition under §2254 be brought within one year of the date on which the conviction becomes final, subject to any tolls that begin during that one

year period as a result of properly pending post-judgment challenges. Petitioner concedes that his conviction became final for federal habeas purposes on July 8, 2004; he did not raise his ineffective assistance claim in state court until he brought a § 440.10/*coram nobis* proceeding on October 19, 2006; the Appellate Division denied leave to appeal on August 20, 2007; and he did not commence this habeas corpus proceeding until April 10, 2008.

Petitioner contends that he is entitled to equitable tolling up to the time he filed his § 440.10 proceeding because he did not know of his attorney's misrepresentation until a Removal Order was entered against him on July 7, 2006, but the record belies that. It shows that when petitioner appeared before the Immigration Judge on July 7, 2006, he conceded removability – indeed, he had conceded it earlier in his answer to the Notice of Removal – and told the Immigration Judge that he was "considering filing an ineffective assistance of counsel claim based on counsel who represented him in the criminal proceedings." Thus, petitioner already knew of his ineffective assistance claim at some time prior to July 7, 2006.

In the instant proceeding, filed on April 10, 2008, petitioner has given me no indication as to how he learned of his counsel's alleged misrepresentation, or when prior to July 7, 2006 he learned of it.[1] Under all of the circumstances, he has failed to demonstrate the "extraordinary circumstances" and exercise of "reasonable diligence" necessary for equitable tolling. See Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000).

II

Petitioner has failed to raise the issue that his attorney in fact made the alleged misrepresentation. Instead of putting in an affidavit describing the alleged misrepresentation, he

---

[1] It is undisputed that the limitations period was not tolled between July 7, 2006 (petitioner's appearance before the Immigration Judge) and October 19, 2006 (petitioner brought his § 440.10 proceeding); and between, August 20, 2007 (denial of petitioner's leave to appeal) and April 10, 2008 (petitioner brought this habeas corpus proceeding), a total of 338 days. If petitioner knew that he had a potential ineffective assistance claim any time on or before June 10, 2006, his petition would be time barred irrespective of any equitable tolling.

2

relies on the affidavit of his attorney in the state court § 440.10 proceeding, Mr. Guttlein (the same attorney who is representing him here), who averred simply: "Upon information and belief, [petitioner] was not informed of the immigration consequences of his guilty plea by his Legal Aid Attorney, in fact, he was advised that because it was a sentence of probation and his long residency, he would be eligible for relief from removal from the United States." Petitioner added to that, and presumably relies on it here as well, an affidavit with a single substantive sentence saying that "I have reviewed the affirmation of [Mr. Guttlein] submitted in further support of my motion pursuant to CPL § 440.10 to vacate the plea and the facts set forth therein are true to the best of my recollection."

Read literally, petitioner's submissions show only what he told Mr. Guttlein; they do not set forth what his trial attorney actually said to him. Even if I treat Mr. Guttlein's allegation as that of the petitioner, it is too conclusory to raise an issue as to ineffective assistance. This is particularly true in light of the affidavit submitted by petitioner's trial attorney in opposition to the § 440.10 proceeding, which quite clearly averred that

> according to my notes, I "advised defendant of the immigration consequences" of pleading guilty, i.e., that he could be deported and/or ineligible for U.S. citizenship; I did not tell petitioner that he would not be deported because of the length of time during which he resided in this country. As further reflected on my file, petitioner replied that he "wants plea – doesn't want to do time."

Furthermore, although petitioner contends that his trial attorney's failure was in not telling him that deportation would be mandatory as opposed to possible, it is clear that deportation definitely was identified as a possible consequence of his guilty plea at the time the plea was taken. Petitioner fully acknowledged to the trial judge that he understood that risk. The trial court advised him: "If you are not a citizen this plea can result in deportation proceedings

3

being brought against you. Have you understood everything I have said to you?" Petitioner answered: "Yes."

In light of such thin allegations of what his attorney told him, and having been alerted to the issue of deportation at the time he pled, petitioner cannot succeed on a claim of ineffective assistance through misrepresentation. The court in United States v. Brumigin, No. 03 cv 0910, 2007 WL 3353510 (E.D.N.Y. Nov. 7, 2007), rejected essentially the same claim that petitioner is raising here, noting that, "[w]here a 'court is faced with self-serving allegations that are contradicted by a credible affirmation by a trial attorney, it may choose to credit the attorney and dismiss the ineffective assistance of counsel claim without further hearings.'" Id. at *2 (quoting Castrillo v. Breslin, No. 01 Civ.11284, 2005 WL 2792399, at *13-14 (S.D.N.Y. Oct. 26, 2005)); see also Thai v. United States, No. 99 cv 7514, 2007 WL 13416, at *6 (E.D.N.Y. Jan. 2, 2007); cf. Fed. R. Civ. P. 9(b) (allegations of misrepresentation or mistake must be pled with particularity).

Even crediting the conclusory assertion of Mr. Guttlein that petitioner's trial attorney misled him by telling him he would have defenses to deportation, petitioner still is attempting to transform a claim of lack of complete advice into one of affirmative misrepresentation. No matter how generously one reads Mr. Guttlein's allegation about what petitioner was told by his trial attorney, it cannot be so transformed. Unlike the allegations in United States v. Couto, 311 F.3d 179, 187 (2d Cir. 2002), there is no allegation here that trial counsel advised petitioner that he would not be deported; Mr. Guttlein's affidavit only goes so far as to allege that trial counsel told petitioner that petitioner would be "eligible for relief." See Zhang v. United States, 543 F. Supp. 2d 175, 184 (E.D.N.Y. 2007) (declining habeas relief where, although trial attorney

"provided some inaccurate advice, he did not advise Zhang that any factor would actually prevent deportation or belittle the deportation consequences of the guilty plea.").

What petitioner is attempting to do here is to invoke the same tactic that was rejected in Santos v. Payant, No. 04 Civ. 8705, 2005 WL 3593577 (S.D.N.Y. Dec. 30, 2005), where the court held:

> Whereas the failure to inform a client of the likelihood of deportation "does not fall below an objective standard of reasonableness" and does not invalidate a plea, United States v. Couto, 311 F.3d 179, 187 (2d Cir. 2002), "an affirmative misrepresentation by counsel as to the deportation consequences of a guilty plea is today objectively unreasonable." Id. at 188. Petitioner's decision to reframe his argument thus seems a calculated attempt to transform an unmeritorious claim into one that might be the basis for habeas relief. Regardless, his acknowledgment in open court that he understood that he might be deported as a consequence of his guilty plea, in addition to his counsel's sworn affidavit stating that he made no affirmative misrepresentations to petitioner, renders his claim meritless.

Id. at *4 n.8. If petitioner was going to move this case across the line from one that alleges failure to adequately advise to one that alleges affirmative misrepresentation, he needed to be much more specific about the alleged misrepresentation.

III

Even assuming that removal was mandatory and petitioner's trial counsel advised him otherwise, there is no evidence in the record before me to show that it would have made any difference. Petitioner, who had been caught cold attempting to sell heroin, pled down nine drug counts to one and received a sentence of one day custody. That is fully consistent with his trial attorney's notes which say that petitioner "wants plea – doesn't want to do time," i.e., staying out of jail was more important to him than the immigration consequences. Neither in the state courts nor in the instant proceeding is there even a conclusory affidavit saying that petitioner would not have pled guilty had he known that he faced mandatory deportation, let alone evidence to back that up (i.e., evidence showing why he would have risked a trial when the likely outcome was

5

both exposure to deportation *and* a substantial, preceding custody term).[2] In the absence of such evidence, he cannot raise a claim of prejudice under the second prong of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052 (1984). See Zhang, 543 F. Supp. 2d at 185 ("Even if Zhang had been informed that a conviction for an aggravated felony would result in mandatory deportation, there is no evidence that he would have chosen to proceed to trial.").

## IV

Finally, it must be noted that because the §440 court rejected plaintiff's claim on the merits (as well as holding it procedurally barred), that decision is entitled to deference under 28 U.S.C. §2254(d). I could not grant habeas relief unless I found that the state court's decision was either contrary to or an unreasonable application of Supreme Court authority. See Williams v. Taylor, 529 U.S. 420, 120 S.Ct. 420 (2000). The most analogous Supreme Court authority is Hill v. Lockhart, 474 U.S. 52, 106 S.Ct. 366 (1985), which rejected a very similar claim to that raised here – trial counsel had misinformed petitioner that he would be eligible for parole, when in fact, he was not. As the Supreme Court held there:

> Petitioner did not allege in his habeas petition that, had counsel correctly informed him about his parole eligibility date, he would have pleaded not guilty and insisted on going to trial. He alleged no special circumstances that might support the conclusion that he placed particular emphasis on his parole eligibility in deciding whether or not to plead guilty. Indeed, petitioner's mistaken belief that he would become eligible for parole after serving one-third of his sentence would seem to have affected not only his calculation of the time he likely would serve if sentenced pursuant to the proposed plea agreement, but also his calculation of the time he likely would serve if he went to trial and were convicted.

Id. at 60, 106 S.Ct. at 371. It is precisely the same here. As noted above, there is no allegation, let alone proof, in the petition or any of petitioner's affidavits that he would not have pled guilty

---

[2] Counsel does assert in his brief that "petitioner was obviously prejudiced ... for he would not have entered a guilty plea but [sic] counsel's misadvice on this issue", but no evidence has been submitted to support that statement, and it is not even alleged in the petition.

6

if his attorney had accurately advised him of the deportation consequences. Moreover, just as in Hill, petitioner's contemplation of the actual deportation consequences would have required him to consider that he still would be deported if he did not plead guilty but was convicted, with the added penalty of having to serve a potentially lengthy jail sentence first. Thus, the state court's decision was fully consistent with Supreme Court authority, and not even arguably contrary to or an unreasonable application of it.

## CONCLUSION

The petition is denied. Petitioner has not made a substantial showing of the denial of a constitutional right. Therefore, a certificate of appealability will not issue. See 28 U.S.C. § 2253. Additionally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. Coppedge v. United States, 369 U.S. 438, 82 S.Ct. 917 (1962).

**SO ORDERED.**

/Signed by Judge Brian M. Cogan/
U.S.D.J.

Dated: Brooklyn, New York
November 21, 2008